Harold LYNCH; Turner Tyson; Charles F. Henry; Jack Bitzenburg; George A. Derrieux; Plaintiffs–Appellants;

Nancy Samp; Bob Chapman; William K. Goodrick; Donald Kelly; Larry Lutz; Plaintiffs;

Jean Dickey; F. Gregory Dickey; James Mentis; Richard Flanagan; Franklin Hoggard; Milford Holt; Intervenor–Plaintiffs Below–Appellants;

v.

PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI, BOARD OF TRUSTEES; Defendant–Appellee;

Billy H. Blankenship; Joseph Rhoads; Deborah Scanlon; Intervenor–Plaintiffs Below;

William M. Brent, Chairman, Board of Trustees, individually and in his official capacity; Laurel S. Cochennet, Member, Board of Trustees, individually and in her official capacity; Theresa Reger; William J. Wasson, Board of Trustees, individually and in his official capacity; David W. Mustoe, Executive Secretary, Board of Trustees, individually and in his official capacity; Defendants;

Jeremiah W. (Jay) Nixon; Defendant–Appellee.

No. 93–3357.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1994.

Decided June 20, 1994.

---

Eugene G. Bushmann, Jefferson City, MO, argued (Kent L. Brown, Roger G. Brown, Keith W. Brunstrom, and Craig S. Johnson, on the brief), for appellants.

Truman K. Eldridge, Kansas City, MO, argued (Phillip A. Klawuhn, Don M. Downing, and Jane E. Eilermann, on the briefs), for appellees.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HEANEY, Senior Circuit Judge.

Former state employees who contributed to the Public School Retirement System of Missouri (PSRS) brought a class action under 42 U.S.C. § 1983 challenging a statutory scheme under which they are denied refunds of their personal retirement contributions while other persons allegedly similarly situated have received such refunds. The district court dismissed the former employees' complaint, holding that PSRS, its trustees, and its executive secretary were not proper defendants and that plaintiffs' claim was barred by the Eleventh Amendment because they were seeking retroactive relief. We reverse and remand for a determination of whether the statutory provisions violate equal protection or amount to an unconstitutional taking of property.

This matter is before the court for the second time. It was first here on an appeal from a district court order denying without prejudice the PSRS defendants' motion for judgment on qualified and Eleventh Amendment immunity grounds and allowing discovery on all issues. *Lynch v. Public School Retirement System*, 6 F.3d 782 (8th Cir. 1993). We determined that we had "jurisdiction to review a discovery order that is issued before motions asserting immunity are conclusively resolved, but does not limit discovery to the issue of immunity." *Id.* We remanded with instructions to resolve the issue of defendants' immunity to suit before allowing discovery to proceed as to other issues.

On remand the district court granted summary judgment to the PSRS defendants but directed the clerk not to enter judgment at that time. *Lynch v. Public School Retirement System*, No. 90–4207–CV–C–5, slip op.

at 8 (W.D.Mo. Apr. 5, 1993). The court granted judgment on the ground that the plaintiffs had not sued the parties who allegedly violated their constitutional rights. *Id.* at 7. It reasoned that because the plaintiffs implicitly sought to have portions of Mo.Rev. Stat. § 104.342 declared unconstitutional, plaintiffs must sue the Missouri Attorney General in his official capacity for an injunction prohibiting future implementation of the statute. The court stated that PSRS "could not grant refunds to the plaintiffs without legislation directing them to do so. These defendants did not decide to refuse refunds to these plaintiffs; the General Assembly made that decision. Only the General Assembly can show that it had a rational basis for that decision." *Id.* at 7–8. The court granted the plaintiffs twenty-five days to file an amended complaint "nam[ing] the proper defendants." *Id.* at 8.

The plaintiffs subsequently filed a fourth amended complaint adding the Missouri Attorney General as a defendant. The plaintiffs sought a declaratory judgment that portions of chapters 104 and 169 of Missouri Revised Statutes violate equal protection and result in a taking of plaintiffs' property without due process of law in violation of the Fifth and Fourteenth Amendments. Plaintiffs also sought injunctive relief to prohibit defendants from maintaining and implementing the retirement system in a manner that violates the Equal Protection Clause; require PSRS to refund to plaintiffs their past personal contributions to the retirement system, with interest; prohibit enforcement against plaintiffs of the portion of section 169.050.5 which, in the event that all of section 104.342 is declared unconstitutional, would cause them to forfeit any creditable service they may have if their contributions are refunded; and such other relief as may be appropriate.

The district court subsequently granted separate motions by the Attorney General and PSRS to dismiss the fourth amended complaint. *Lynch v. Public School Retirement System,* No. 90–4207–CV–C–5 (W.D.Mo. Aug. 20, 1993). The court first held that its April 5, 1993, order had removed PSRS as a party and that the order

stood as law of the case; the court thus granted PSRS's motion to dismiss. The court then granted the Attorney General's motion to dismiss, concluding that the Eleventh Amendment barred plaintiffs' claims because they were seeking retroactive rather than prospective relief:

> This Court may not issue a declaratory judgment finding that the state or state official violated federal law in the past when there is no ongoing violation of federal law. Plaintiffs seek a cash reimbursement of their contributions because they allege the state violated their constitutional rights in the past when it did not grant them refunds. This request amounts to a retroactive damage award which is barred by the Eleventh Amendment.

*Id.* at 3 (internal citations omitted).

We do not agree with the district court that PSRS had previously been dismissed from the case and that this action was law of the case. The district court's April 5, 1993, order specifically directed the clerk of court "*not* to enter judgment at this time" (emphasis in original). Judgment on this issue was not entered until the August 20, 1993, order, which was timely appealed by the plaintiffs. Thus the issue as to whether summary judgment was appropriately granted as to PSRS is properly before us.

■ We conclude that summary judgment in favor of PSRS and the Attorney General was not appropriate. The district court gave two reasons for its decision, neither of which withstands scrutiny. The first was that even if the challenged statutory provisions were found to violate the Equal Protection Clause, PSRS lacked authority to refund the plaintiffs' personal retirement contributions. The court reasoned that only the legislature could require such refunds. The plaintiffs, however, not only sought refunds but alternatively requested any other relief that might be appropriate. Under the latter alternative, the district court at least could require PSRS to recover the refunds already made pursuant to an unconstitutional scheme.

■ The district court's second reason was that the Eleventh Amendment bars relief because plaintiffs seek retroactive rather

than prospective relief. *See Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). We disagree. If the statutory scheme is in fact unconstitutional, the continued implementation of such a scheme constitutes an ongoing violation of federal law, regardless of whether some or all persons similarly situated to plaintiffs have already received their refunds.

At this time we need not determine the outer limits of the district court's authority to order particular remedies, such as refunds to the plaintiffs.[1] It is sufficient for now to say that the district court clearly has the authority to find the statutory scheme unconstitutional and to order an appropriate remedy.

The fighting issue in this case has been and continues to be whether there is a rational basis for excluding the plaintiffs from the benefits of amendments to chapters 104 and 169 of Missouri Revised Statutes that permitted some present and past employees to obtain refunds of their personal retirement contributions. The legislation can only be declared unconstitutional under the Equal Protection Clause of the Fourteenth Amendment if there is no rational basis for distinguishing between the plaintiffs and other past and present employees who have received refunds of their personal retirement contributions. *See Western & Southern Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981). In determining the answer, the court must decide whether the challenged legislation has a legitimate purpose and whether it was reasonable for lawmakers to believe that use of the challenged classification would promote that purpose. *Id.*

We reverse the dismissal of the plaintiffs' complaint and remand for an evidentiary hearing. The district court shall make findings of fact and conclusions of law on whether there is a rational basis for the challenged statutory scheme and whether an unconstitutional taking of property occurred. We retain jurisdiction over this case and direct the district court to certify its findings to this court.

---

1. We note, for example, that in *Sommer v. Bihr*, 631 F.Supp. 1388 (W.D.Mo.1986), the district court ordered refunds of personal retirement contributions to employees of the Departments of Corrections and Mental Health after concluding that statutory provisions requiring those employees to participate in a contributory retirement system violated equal protection when other similarly situated employees participated in a noncontributory retirement system.